Case 1:16-cv-00708-CKK   Document 1   Filed 04/14/16   Page 1 of 10

Isaac Kelvin Allen
Register No. 49476-018
USP-Beaumont
P. O. Box 26030
Beaumont, TX. 77720

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| ISAAC KELVIN ALLEN,<br>Plaintiff,<br><br>vs.<br><br><br>FEDERAL BUREAU OF PRISONS,<br>Defendant. | Case: 1:16-cv-00708<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign. Date : 4/14/2016<br>Description: FOIA/Privacy Act (I Deck) |

## COMPLAINT

NOW COMES, Isaac Kelvin Allen, plaintiff, pro se, to bring the above numbered complaint against the Federal Bureau of Prisons (hereafter "FBOP") for violating the timeline requirements of the Freedom of Information Act ("FOIA"). see 5 U.S.C. §552(a)(6)(B).

## JURISDICTION

1. This Court's jurisdiction over this matter is asserted pursuant Title 5 U.S.C. §552, and Title 28 U.S.C. §2201 and §2202.

-1-



RECEIVED
Mail Room

APR - 4 2016

Angela D. Caesar, Clerk of Court
District Court, District of Columbia

1

## PARTIES

2.  Plaintiff is Isaac Kelvin Allen, a federal inmate at USP-Beaumont in Texas.

3.  Defendant is the FBOP, specifically, the South Central Regional Office ("SCRO"), Ben Brieschke for Jason Sickler, Regional Counsel.

## ISSUE

4.  The FBOP has violated the statutory deadlines that apply with respect to the agency's response to Freedom of Information Act ("FOIA") request for case number 2016-01713.

5.  The FBOP erroneously extended the time limit to respond to plaintiff's request to <u>nine</u> months, because of an improper determination that <u>exceptional circumstances</u> existed to complete a search for the requested record.

## STATEMENT OF FACT

6.  Plaintiff's access to the FBOP's TRULINCS messaging system is under a 21 year suspension, and plaintiff has never been presented an official copy of the reason. Even though the FBOP's Program Statement $5265.13(14.9) - System Access - provides that. "Inmates excluded from participation (in the TRULINCS messaging system).. are notified of the specific reason(s) by a written explanation of the decision.."

7.  However the Program Statement also provides that: "If prohibited from possessing a copy of the written explanation, inmates remain entitled under FOIA to access this information.., and <u>must</u> be provided reasonable opportunities to access and review such documents."

8. Thereby, plaintiff used a FBOP Administrative Remedy to request access to a copy of the "written explanation" responsible for his TRULINCS messaging suspension. (see Administrative Remedy # 826261-R1). The record shows the Warden's office received the remedy on July 23, 2015, they reviewed the record, and issued a response July 2, 2015 (9 days later), which, in relevant part, stated:

> "There is a written explanation located in the FOIA section of your central file, however, because of the location of the written explanation, a copy is not available to you at the local level. If you would like to pursue this matter, you would need to submit a request for release of information from the FOIA section.."
> (see Attachment 1)

9. Dissatisfied with the Warden's reply, plaintiff appealed to the SCRO. The record shows SCRO received the appeal on July 17, 2015, reviewed the record, and wrote a response on July 22, 2015, (5 days later), which declared:

> "The Warden appropriately responded to you request. On March 9, 2012, the Chief Executive Officer determined your Public Messaging capabilities would be suspended until December 31, 2037. This decision was based on your continued fraudulent activity to include: Counterfeiting or Forging Document, Lying or Falsifying Statement, Using Mail without Authorization, Using Unauthorized Equipment, and Disruptive Conduct-Greatest."
> (see attachment 2)

10. Therefore, on December 29, 2015 plaintiff submitted FOIA request 2016-01713 seeking disclosure of the above described "written explanation." When that request was forwarded to the SCRO on January 4, 2016, Ben Brieschke for Jason Sickler (Regional Counsel) responded by asserting:

> "We determined **Exceptional Circumstances** exist as the documents responsive to your request must be searched for and collected from a field office, and/or the documents responsive to your request are expected to be voluminous and will require significant time to review,

and/or your request requires consultation with at least one other agency with a substantial interest in your request. Because of these unusual circumstances, we are extending the time limit to respond to your request beyond the ten additional days provided by the statute. Processing complex request may take up to nine months."

11. The record clearly shows this assertion is disingenuous. Additional time is *not* needed to obtain the above mentioned "written explanation," and plaintiff has demonstrated he is entitled to have access to it.

12. First of all, the Warden's response confirmed the coveted "written explanation" is located in plaintiff's central file, and available pursuant a FOIA request. Secondly, the SCRO took less than five days to locate, confirm, and quote the contents of the "written explanation" identified by the Warden and plaintiff.

13. Thereby, processing plaintiff's FOIA request, does not meet the statutory standard of "exceptional circumstances," and will not take the SCRO up to nine months to process. The FBOP through the SCRO has violated the statutory deadline by *unnecessarily* extending the time limit beyond ten additional days.

14. Also, plaintiff needs this Court's assistance in assuring the FBOP *properly* provides him access to this document. Plaintiff has been fighting to get the FBOP to disclose this single "written explanation" pertaining to his TRULINCS messaging suspension for more than four (4) years, *without* any success. (see also FOIA Request # 2013-09739 - [which also took 10 months to process] - and FBOP Administrative Remedy # 717140-R1). Litigated at a cost of nearly $300.00, which was incurred by the plaintiff.

## CAUSE OF ACTION

15. An agency can extend th[e] 20-working-day timeline to 30 working days if unusual circumstances delay the agency's ability to search for, collect, examine and consult about the responsive documents. 5 U.S.C. §552(a)(6)(B). "The agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. Dep't of the Army, 920 F.2d. 57, 68, 287 U.S. App. D.C. 126 (D.C. Cir. 1990).

16. The D.C. Circuit's decision in Citizens for Responsibility and Ethics in Washington v. Federal Election Commission, 771 F.3d. 180, 189, 404 U.S. App. D.C. 275 (D.C. Cir. 2013) holds that: "If the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." By statute, the agency is required to communicate [its] determination to the requested (and mention the right to appeal) within 20 days of receipt of the request. 5 U.S.C. §552(a)(6)(A)(i).

17. Not only did the FBOP act in bad faith in making its "determination" in this matter, but it did not advise plaintiff of his right to appeal the fact it "may take up to nine months" to process his request.

## REQUESTED RELIEF

18. Declaratory relief, declaring defendant violated the statutory timelines under 5 U.S.C. §552.

19. Injuctive relief compelling the timely release of information the plaintiff requested pursuant to FOIA request number 2016-01713.

-5-

20. That the cost of this action, plus three hundred dollars ($300.00) to cover the cost of plaintiff's four year quest to obtain this information, be taxed against defendant.

21. Such relief as is just and necessary.

Respectfully submitted this 29 day of March, 2016.

Isaac K. Allen #49476-018
USP-Beaumont
P. O. Box 26030
Beaumont, TX. 77720

# Attachment 1

**FEDERAL CORRECTIONAL COMPLEX (FCC), BEAUMONT, TEXAS**
**PART B - RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #826261-F1**

This is in response to your Request for Administrative Remedy received June 23, 2015, in which you state you have not been notified of the specific reason your TRULINCS access has been suspended. You indicate you have not received an explanation in writing, and there is no written explanation in your central file. For relief, you request the suspension be brought into compliance with the Program statement and your access to TRULINCS restored.

Program Statement 4500.11, Trust Fund/Deposit Fund Manual, Chapter 14, Page 129, states, "Inmates whose offense, conduct, or other personal history indicates a propensity to offend through the use of email or jeopardizes the safety, security, orderly operation of the correctional facility, or the protection of the public or staff, should be seriously considered for restriction." Therefore, in accordance with policy, you are not currently approved to utilize the inmate TRULINCS system based on your current offense, conduct, and/or other history. There is a written explanation located in the FOIA section of your central file, however, because of the location of the written explanation, a copy is not available to you at the local level. If you would like to pursue this matter, you would need to submit a request for release of information from the FOIA section to: Central office, Director, Federal Bureau of Prisons, 320 First Street NW, Washington DC 20534.

Based on the information above, your Request for Administrative Remedy is denied.

If you are not satisfied with this response, you may appeal to the Regional Director at Bureau of Prisons, South Central Region, 344 Marine Forces Drive, Grand Prairie, Texas, 75051. Your appeal must be received in the South Central Regional Office within 20 days of the date of this response.

_____   _____
F. Lara, Complex Warden                Date 7/2/15

# Attachment 2

ALLEN, Isaac          REG. NO. 49476-018      RECEIPTED: 7/17/15

CASE NO. 826261-R1    PART B - RESPONSE

You are appealing the Warden's response to your complaint in which you allege the suspension of your TRULINCS Public Messaging application is improper. Additionally, you state you were not notified or provided a written explanation as to why you were suspended. You request your Public Messaging capabilities be restored.

The Warden appropriately responded to your request. On March 9, 2012, the Chief Executive Officer determined your Public Messaging capabilities would be suspended until December 31, 2037. This decision was based on your continued fraudulent activity to include: Counterfeiting or Forging Document, Lying or Falsifying Statement, Using Mail without Authorization, Using Unauthorized Equipment, and Disruptive Conduct-Greatest.

Based on the above information, your appeal is denied.

In the event you are dissatisfied with this response, you may appeal to the Bureau of Prisons, Administrative Remedy Section, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in that office within 30 days from the date of this response.

JUL 2 2 2015
Date

SEC J. A. Keller
Regional Director