UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ISAAC KELVIN ALLEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 16-0708 (CKK) |
| | : | |
| FEDERAL BUREAU OF PRISONS, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION AND ORDER**

Isaac Kelvin Allen ("plaintiff") brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, against the Federal Bureau of Prisons ("BOP"), a component of the United States Department of Justice ("DOJ"). This matter is before the Court on plaintiff's Motion for Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, ECF No. 38, and Defendant's Second Renewed Motion for Summary Judgment, ECF No. 39. For the reasons discussed below, the Court will deny both motions.

I. BACKGROUND

"Plaintiff's access to the []BOP's TRULINCS messaging system is under a 21 year suspension, and plaintiff has never been presented an official copy of the reason." Compl. ¶ 6. Initially, plaintiff sought a written explanation for the TRULINCS suspension by filing an inmate grievance. *Id.* ¶ 2. The Warden responded:

> There is a written explanation located in the FOIA section of your central file, however, because of the location of the written explanation, a copy is not available to you at the local level. If you would like to pursue this matter, you would need to submit a request for release of information from the FOIA section to [BOP's Central Office].

1

*Id*., Attach. 1 (Response to Request for Administrative Remedy #826261-F1 dated July 2, 2015).

As instructed, plaintiff submitted a FOIA request to the BOP's Central Office in December 2015. Mem. in Support of Def.'s Renewed Mot. for Summ. J. ("Def.'s Mem."), Ex. 1 ("First Mack Decl.") ¶ 9. In relevant part, the request read:

> [Plaintiff] respectfully request[s] the access to, the disclosure of, and the release of the following records and/or information maintained by [the BOP]:
>
> 1.  On or around July 2015, I received a Response to Request for Administrative Remedy #[826261-F1], which in part states: "There is a written explanation located in the FOIA section of your central file, however, because of the location of the written explanation, a copy is not available to you at the [local] level. If you would like to pursue this matter, you would need to submit a request for release of information from the FOIA section [.]" I request the written explanation referenced above . . . .
>
> 2.  On or around August 2015, I received a response to a BP-10 from the Regional Director for Administrative Remedy #826261-R1, which in part states: "On March 9, 2012, the Chief Executive Officer determined your Public Messaging capabilities would be suspended until December 31, 2037." I request the determination made by the CEO referenced above . . . .

*Id*., Ex. 2 ("Supp. Mack Decl."), Attach. 1 (Freedom of Information Act Request dated December 7, 2015) at 1.

BOP referred plaintiff's FOIA request, assigned tracking number 2016-01713, to the BOP's South Central Regional Counsel's Office ("SCRO") for processing. *See* First Mack Decl. ¶¶ 9-11. Staff determined that responsive records most likely would be found in plaintiff's central file which would be maintained at USP Beaumont, the institution where plaintiff was incarcerated. *See id*. ¶ 10. SCRO staff, in turn, contacted the Legal Liaison at the Federal

Correctional Complex in Beaumont, Texas, by email with instructions to search plaintiff's central file. *See id*.

On January 4, 2016, the BOP notified plaintiff that it needed more time to process his request:

> We determined exceptional circumstances exist as the documents responsive to your request must be searched for or collected from a field office, and/or the documents responsive to your request are expected to be voluminous and will require significant time to review, and/or your request requires consultation with at least one other agency with substantial interest in your request. Because of these unusual circumstances, we are extending the time limit to respond to your request beyond the ten additional days provided by the statute. Processing complex requests may take up to nine months.

Def.'s Mem., Ex. 3 at 1.

A search of plaintiff's central file yielded 11 pages of responsive records. First Mack Decl. ¶ 11; *id*., Attach. 3. The responsive records were copies of two reports. The first was a "Special Investigative Services SIS Report . . . from [FCC Coleman] describing the investigation of [p]laintiff's identity theft and tax fraud scheme" conducted by FCC Coleman staff and concluded in July 2011. Supp. Mack Decl. ¶ 5a. The second was "a . . . report titled TRULINCS Restricted or Limited Access Request ('TRULINCS Report'), from USP Beaumont, which was generated in February – March 2012[.]" *Id*. ¶ 5b. An "investigator recommended that [p]laintiff's TRULINCS access be restricted upon his arrival at FCC Beaumont[, and t]he Warden of USP Beaumont concurred in the recommended as shown by his signature on the report on March 9, 2012. *Id*.; *see id*., Attach. 4 at 1. On January 12, 2016, the BOP released two pages in full, released seven pages in part, and withheld two pages in full, relying on FOIA Exemptions 7(C), 7(E) and 7(F). First Mack Decl. ¶ 12; Supp. Mack Decl. ¶ 6.

3

The Court granted in part Defendant's Renewed Motion for Summary Judgment, ECF No. 27. It concluded that the BOP justified its delay in responding to plaintiff's FOIA request due to extraordinary circumstances, and that it conducted a reasonable search for responsive records. *See generally Allen v. Fed. Bureau of Prisons*, 263 F. Supp. 3d 236, 241-43 (D.D.C. 2017). Because the BOP did not demonstrate adequately that the responsive records were compiled for law enforcement purposes, *see generally id*. at 243-44, the Court did not address the BOP's reliance on FOIA Exemption 7. For these reasons, the Court denied defendant's motion in part without prejudice.

## II. DISCUSSION

### A. *Plaintiff's Motion for Reconsideration*

Ordinarily, a federal agency must notify a requester within 20 working days of its receipt of a proper FOIA request whether it intends to comply with the request. *See* 5 U.S.C. § 552(a)(6)(A)(i). If "unusual circumstances" present themselves, an agency may extend the 20-day limit and must notify the requester of the "unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(iii). If there is a "need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request," there are unusual circumstances. 5 U.S.C. § 552(a)(6)(B)(iii)(I).

The BOP's Central Office is the designated recipient of a FOIA request. First Mack Decl. ¶¶ 4-5. The declarant explained that responsive records likely would have been found in plaintiff's central file, and the central file would have been located at USP Beaumont, the institution where plaintiff then was (and still is) incarcerated. *See id*. ¶¶ 5, 9-10. Where, as here, the BOP explained need to search for and collect records from a place apart from the Central

Office, the BOP justifies its reliance on the "unusual circumstances" exception to the 20-day time limit. It was thought that processing plaintiff's FOIA request "may take up to nine months." Def.'s Mem., Ex. 3 at 1.

Plaintiff challenges the BOP's assertion that unusual circumstances existed. He produces copies of four letters, each addressed to an inmate at USP Beaumont in response to his FOIA request to the BOP. *See generally* Mot. to Recons., Ex. A. According to plaintiff, these letters are identical to each other and to the letter the BOP sent him (except, of course, for the dates, identities of the requesters, and request tracking numbers). *Id*. ¶ 3. Plaintiff posits that SCRO sends the same letter "to every inmate at USP-Beaumont[] who submits a FOIA request for access to any information in [his] central file, . . . whether [the BOP] needs [additional time] or not." *Id*. ¶ 4. It is unclear what conclusion plaintiff draws here.

There is no dispute that the BOP failed to respond to plaintiff's FOIA request within the 20-day limit set forth in 5 U.S.C. § 552(a)(6)(A)(i). Nor is there a dispute that the BOP responded to plaintiff's FOIA request well within the nine-month estimated response time. Plaintiff obviously is dissatisfied with the timeliness of the BOP's response, yet he fails to demonstrate that the BOP violated the FOIA when it exceeded the 20-day limit. Plaintiff does not show that the BOP erred in forwarding his FOIA request to SCRO, or that his central file was not a reasonable place to search for responsive records, or that the BOP needed to search for and retrieve records from a location separate from its Central Office . The Court concludes that the BOP did not err by issuing the January 4, 2016 letter or by relying on the unusual circumstances provision set forth in 5 U.S.C. § 552(a)(6)(B)(iii).

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or

the need to correct a clear error or prevent manifest injustice.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation and internal quotation marks omitted).  None of these circumstances is evident.  Therefore, the Court denies plaintiff's motion for reconsideration.

*B.  Defendant's Second Renewed Motion for Summary Judgment*

The Court denied defendant's prior summary judgment motion because the BOP had not justified its decision to withhold information under FOIA Exemption 7.  The "supporting declarations presume[d] that FOIA Exemption 7 applies" without explaining that the SIS and TRULINCS reports had been compiled for law enforcement purposes.  *Allen*, 263 F. Supp. 3d at 243.  In addition, the supporting declarations did not "explain that disclosure of certain redacted information would cause an enumerated harm."  *Id*.  While the instant motion addresses these deficiencies, the BOP's third supporting declaration managed to raise a question regarding its search for responsive records.

The responsive reports total 11 pages, First Mack Decl. ¶ 12, redacted copies of which are attached to the instant motion, *see* Def.'s Second Renewed Mot. for Summ. J., Ex. A ("2d Supp. Mack Decl."), Ex. 1.[1]  The declarant notes:

> Page 8 of the SIS Report identifies four attachments: (1) threat assessment checklist; (2) detention order; (3) staff memorandum; and (4) SENTRY Data.  *This information was withheld inadvertently in the prior release*.  At the request of counsel, I checked with the [SCRO], where [p]laintiff's central file was located, and confirmed that the referenced attachments are not contained in [p]laintiff's central file . . . .  BOP produced all of the records responsive to Plaintiff's request that BOP had located in its search.

---

[1] "[I]n response to the Court's Memorandum Opinion dated July 11, 2017[, the] BOP removed certain redactions that [it] had previously asserted pursuant to [FOIA Exemptions 7(C), 7(E), and 7(F)]," and "added one redaction pursuant to [FOIA Exemption 7(C)] to withhold the name of an inmate that had been inadvertently disclosed in the prior version of the release." 2d Supp. Mack Decl. ¶ 5.

2d Supp. Mack Decl. ¶ 8 (emphasis added).  Plaintiff rightly considers "[t]he attachments . . . part of the Investigative Report, and, therefore . . . part of the information [he sought] in his initial request for a copy of the determination to suspend [his] access to TRULINCS[.]" Request to Deny Def.'s Second Renewed Mot. for Summ. J., ECF No. 42 at 4.

The BOP's decision to search plaintiff's central file for responsive records was a reasonable one.  However, while plaintiff's FOIA request mentioned his central file, the decision to limit the scope of the search to the central file was the agency's alone.  The BOP must have considered the attachments responsive to plaintiff's FOIA request, found the attachments somewhere, and for reasons unknown withheld them.  At this juncture, the BOP must explain why its obligations under the FOIA end because records it admittedly should have released are not in plaintiff's central file.

Accordingly, it is hereby

ORDERED that plaintiff's Motion for Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [38] is DENIED; it is

FURTHER ORDERED that Defendant's Second Renewed Motion for Summary Judgment [39] is DENIED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that defendant shall file a third renewed motion for summary judgment by March 30, 2018.

SO ORDERED.


DATE: February 15, 2018              /s/
                                     COLLEEN KOLLAR KOTELLY
                                     United States District Court Judge